# IN THE COURT OF APPEALS OF IOWA

No. 24-1014
Filed September 17, 2025

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**JACKSON SAMUEL NOCKELS,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Lyon County, Jessica Noll, Judge.


　　A defendant appeals the denial of his motion to suppress after his conviction for first-offense operating while intoxicated. **AFFIRMED.**


　　Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

　　Brenna Bird, Attorney General, and Anagha Dixit and Nicholas Siefert, Assistant Attorneys General, and Samuel Augustyn, Student Legal Intern, for appellee.


　　Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Over the Fourth of July weekend in 2023, a deputy was on routine patrol through the parking lot of the Grand Falls Casino. He saw two men leaving the casino at around 1:40 a.m. "with an unsteady gait as if they were possibly intoxicated." The men were walking towards the employee lot, even though they weren't wearing employee uniforms. They got into their vehicle and drove further into the employee lot—away from the exit. Suspecting the driver was intoxicated, the deputy activated his emergency lights and initiated a traffic stop.

The driver was Jackson Nockels. The deputy observed that Nockels's eyes were "slightly red bloodshot and watery," and he had a "moderate odor of an alcoholic beverage emitting from his person." After performing field sobriety tests, the deputy transported Nockels to the sheriff's office, where he provided a DataMaster breath test with a result of .092%.

The State charged Nockels with operating while intoxicated, first offense. Nockels moved to suppress the test results, arguing the deputy did not have reasonable suspicion to initiate the traffic stop. The district court denied Nockels's motion stating:

> The stop, in this case, occurred close to the time of night when the casino stopped serving alcohol. The officer observed the individuals walking to the vehicle with an unsteady gait. The vehicle was parked in an employee-only parking lot. Finally, the vehicle was driving abnormally in the parking lot, away from the exit. While these factors independently may not have been sufficient to initiate a stop, considering all of the factors together, there was an adequate basis for the officer to form reasonable suspicion to perform an investigatory stop. The officer had a reasonable suspicion to believe the Defendant might be operating a motor vehicle while under the influence.

Nockels proceeded to a bench trial on the minutes of testimony and was found guilty of operating while intoxicated. He appeals, claiming the deputy did not have reasonable suspicion for the traffic stop in violation of his federal and state constitutional rights.

We review Nockels's claim de novo, making an "independent evaluation of the totality of the circumstances" as shown by the entire record. *State v. McClain*, 20 N.W.3d 488, 494 (Iowa 2025) (citation omitted). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings." *Id.* (citation omitted).

"The Fourth Amendment [to] the United States Constitution," as applied to the states by the Fourteenth Amendment, "and article I, section 8 of the Iowa Constitution protects individuals against unreasonable searches and seizures."[1] *State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001); *accord State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). "The temporary detention of a motorist during a traffic stop is a 'seizure,' which is subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *State v. Brown*, 930 N.W.2d 840, 845 (Iowa 2019) (cleaned up). "Generally, a traffic stop is reasonable when the police have probable cause or reasonable suspicion to believe that the motorist violated a traffic law." *Id.*

---

[1] Although Nockels cites both constitutions, he does not "argue that a standard independent of the federal approach should be employed under the state constitution." *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). So we will consider the claims "simultaneously, applying the federal standards as outlined by the United States Supreme Court governing the Fourth Amendment." *State v. Warren*, 955 N.W.2d 848, 859 (Iowa 2021).

Reasonable suspicion is established if the stopping officer had "specific and articulable facts," which, taken together with rational inferences from those facts, support a reasonable belief that criminal activity may have occurred. *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004). This standard means the officer must be able "to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002) (cleaned up). "The circumstances under which the officer acted must be viewed 'through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training.'" *Id.* at 642 (citation omitted).

The deputy, who was trained to detect signs of intoxication, testified that he initiated the traffic stop because "the gait of the individuals walking towards the vehicle as well as the driving behaviors" led him to believe the driver was possibly intoxicated. He said the men were "walking unsteady with a little bit of a sway . . . consistent with someone who would be intoxicated." The deputy also explained that a couple of weeks before this stop, an intoxicated individual was climbing into unlocked vehicles in the employee parking lot at the casino. He wanted "to make sure the employees' vehicles were not gonna . . . fall victim to that and that the individuals who were walking there were where they were supposed to be." The deputy testified that he routinely patrolled the casino on weekend nights "due to the higher percentage of criminal activity that occurred there," especially later at night when the casino stopped serving alcohol. He spotted Nockels and his friend just before closing time.

Nockels challenges each of these reasons, arguing that none of them individually give rise to anything more than "[s]imple generalized suspicion." But

we "do not evaluate reasonable suspicion based on each circumstance individually." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). Instead, we "determine the existence of reasonable suspicion by considering all the circumstances together." *Id.* While missing the exit of the casino parking lot would not be enough by itself to support reasonable suspicion, it was a relevant consideration together with the other circumstances the deputy observed—the men's unsteady gait, the time of night, and the recent criminal activity in the area. *Compare id.* (finding reasonable suspicion where a traffic stop occurred shortly after the bars closed, the vehicle was stopped in the parking lot of a closed business, and it drove over a grassy area, sidewalk, and curb when it left the lot), *with State v. Haviland*, 532 N.W.2d 767, 768 (Iowa 1995) (finding an officer only had an "inchoate and unparticularized suspicion" to stop a vehicle that was parked in a closed business area).

Considering the totality of these circumstances, we agree with the district court that the deputy had a reasonable suspicion that Nockels might be operating a vehicle while intoxicated. We accordingly affirm the suppression ruling.

**AFFIRMED.**